IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STANLEY G. ROTHENBERG, 76042-004, )<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN MEJIA, )<br>Respondent. ) | No. 3:12-CV-4041-P |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.     Parties**

Petitioner is an inmate confined in the Seagoville Federal Correctional Facility. Petitioner is proceeding *pro se* and brings this suit pursuant to 28 U.S.C. § 2241. Respondent is Warden Mejia, Warden of the Seagoville Federal Correctional Facility.

**II.    Factual Background**

Petitioner challenges two disciplinary proceedings held at FCI Seagoville. He argues the disciplinary convictions deprived him of due process and an impartial review of the facts. He also claims he was punished because he is a sex offender. He seeks expungement of the disciplinary judgments.

In the first disciplinary action, the BOP found that Petitioner received through the mail sexually explicit materials involving minors. On September 26, 2011, the BOP found that by

receiving this mailing, Petitioner was guilty of refusing to obey an order to abstain from risk-relevant behavior. Petitioner was sentenced to thirty days loss of commissary privileges and thirty days loss of telephone privileges.

In the second disciplinary action, Petitioner was charged with cutting in line in the dining hall. Petitioner was ordered to go to the back of the line, but he instead went to the front of another line. Petitioner was convicted of disobeying an order and was sentenced to ten days loss of good conduct time and was placed in administrative detention.

On January 18, 2013, Respondent filed his answer. On March 21, 2013, Petitioner filed a reply. The Court now finds the petition should be denied.

### III.    Discussion

**1.    First Disciplinary Proceeding**

In Petitioner's first disciplinary proceeding, he lost commissary and telephone privileges. The Supreme Court has stated that the Due Process Clause does not protect every change in the conditions of confinement. *See Sandin v. Conner*, 515 U.S. 472, 478 (1995) (citing *Meachum v. Fano*, 427 U.S. 215 (1976)). Depriving a prisoner of commissary or telephone privileges are "merely changes in the conditions of his confinement, and do not implicate due process concerns." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Ballard v. Pierce*, 401 Fed. Appx. 993, 994 (5th Cir. 2010). Accordingly, Petitioner's habeas corpus claims arising from his loss of privileges are without merit and should be denied.

**2.    Second Disciplinary Proceeding**

    **A.    Exhaustion**

Respondent argues that Petitioner's claims regarding his second disciplinary proceeding

are unexhausted because he did not timely and correctly present his administrative claims. Generally, petitioners seeking relief under § 2241 must exhaust their administrative remedies prior to presenting their claims in federal court. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Exceptions to the exhaustion doctrine are appropriate where "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Id.* at 62 (citation omitted). In this case, it appears that Petitioner's claims would be considered untimely if he attempted to exhaust his administrative remedies.

Further, the Court can deny a § 2241 on the merits notwithstanding a petitioner's failure to exhaust administrative remedies. *Kaemmerling v. Berkebile*, 2008 WL 4809426 *1 (N.D. Tex. 2008) (citing *United States v. Eccleston*, 521 F.3d 1249, 1283 (10th Cir. 2008) (recognizing it is proper to follow the policy of 28 U.S.C. § 2254(b)(2) which permits denial of state unexhausted petitions on the merits). The Court will therefore consider Petitioner's claims on the merits.

B. Claims

In Petitioner's second disciplinary proceeding, he lost ten days of good time credit and was placed in administrative segregation for approximately two weeks. Temporary placement in administrative segregation, however, is not a "significant and atypical hardship" which would implicate a liberty interest. *Sandin*, 515 U.S. at 484; *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008). This claim should be denied.

Petitioner also lost ten days of good time credit. Unlike loss of privileges, loss of good time credits can effect the duration of confinement, and are properly brought in a habeas corpus petition. *Wolf v. McDonnell*, 418 U.S. 539, 563 (1974). Petitioner's due process claims

regarding the loss of good time credit must be analyzed in the context of the prison setting. Although prisoners do retain rights under the Due Process Clause, prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. *Id.* at 556 (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)).

In the context of a prison disciplinary hearing, due process requires that an inmate be provided: (1) at least twenty-four-hour advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the factfinder of the evidence relied upon and the reason for the disciplinary action. *Wolff*, 418 U.S. at 563-66; *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, if some of the procedural safeguards are overlooked, the petitioner must show resulting prejudice to establish a constitutional violation. *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998) (citing *Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989)).

### (i) Process provided

In this case, the record shows that prison officials did not violate Petitioner's due process rights. Prison officials notified Petitioner of the disciplinary charges on October 5, 2011, and the disciplinary hearing was held October 20, 2011. (Resp. at Appx. 14, 15). Petitioner, therefore received at least twenty-four-hour advance notice of the charges. Petitioner requested, and received, a staff representative. The staff representative was not available for the hearing, but Petitioner volunteered to proceed with the hearing instead of rescheduling. (*Id.* at 14, 19). Petitioner was given the opportunity to present evidence, and he called two witnesses to testify.

(*Id* at 15.) Finally, on November 29, 2011, Petitioner was provided a copy of the decision and was notified of his right to appeal. (*Id.* at 14-18.) Petitioner's due process claims are without merit and should be denied.

### (ii) Sufficiency of the evidence

Petitioner also seems to argue there was insufficient evidence to support the conviction. In the setting of prison disciplinary proceedings, due process requires only that there be "*some evidence to support the findings.*" *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001); *Smith v. Rabalais,* 659 F.3d 539, 545 (5th Cir. 1981) (stating courts must determine "whether any evidence at all supports the action taken by prison officials"). In this case, the Hearing Officer relied upon the statements of Petitioner and his witness that Petitioner believed he could go to the front of the line because he is handicapped, and the reporting officer's statements that Petitioner did not obey his order to go to the back of the line. (*Id.* at 16.) The Court finds there is at least some evidence in the record to support the Hearing Officer's finding. Petitioner's claims should therefore be denied.

## RECOMMENDATION

The Court recommends that Petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied with prejudice.

Signed this 27 day of March, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).